**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**WESTROCK CP, LLC; and** **PLAINTIFFS**
**WESTROCK FULFILLMENT COMPANY**

**v.** **CASE NO. 3:25-CV-03066-DCF**

**BUTCH MAY CONTRACTING, INC.;**
**M2 ROOFING, LLC; SCHMALZ**
**ENGINERING, INC.; and JOHN**
**DOE 1, 2, 3, etc.** **DEFENDANTS**

# PROTECTIVE ORDER

The parties stipulate to the Court's entry of the following protective order to govern pretrial discovery in this case:

1. **Confidential Information.** Confidential information is information that is normally kept secret and that derives independent value from being kept secret. Examples of confidential information include proprietary technical, financial and business information, social security numbers, medical information, trade secrets, and other confidential research, development, or commercial information.

2. **Designation.** When designating information as confidential, the parties must make every effort to limit claims of confidentiality to specific citations—such as sentences, paragraphs, or pages—rather than entire documents or large page ranges.

   a. To designate documentary information—such as paper or electronic documents but excluding deposition transcripts—as containing

confidential information, the producing party must conspicuously mark each page that contains confidential information with the word "CONFIDENTIAL." If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins).

b. To designate an interrogatory answer as confidential, the answering party must insert the word "CONFIDENTIAL" in brackets at the beginning of each answer claimed to contain confidential information.

c. To designate all other information or items as confidential, the designating party must conspicuously affix the word "CONFIDENTIAL" to the portion or portions of the information or items that warrants protection under this Order.

If timely corrected, a party's inadvertent failure to designate information or items as confidential does not, standing alone, waive the party's right to secure protection under this Order for such material.

3. **Disputes.** Any party may object to the designation of discovery material, as confidential, by giving written notice to the party making the designation and to all other parties. This notice shall identify with specificity the discovery material to which the objection is directed and the basis of the objection. If there is a dispute, it shall be

the obligation of the party objecting to the designation to file an appropriate motion requesting an in-camera review and a ruling by the Court on the designation. The party making the designation, or any other party shall then file opposition papers in support of the designation. The disputed discovery material shall be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the party making the designation shall have the burden of proof that the challenged discovery material is entitled to the protection of this Order.

The parties' authorization to designate any information as confidential is intended solely to facilitate the proceedings in this suit, and this designation shall not be construed as an admission or agreement that designated information constitutes or contains confidential or secret information. Any designation of confidential material shall constitute a representation in good faith, and after careful determination, that the material is not reasonably believed to be in the public domain and may be designated confidential.

4. **Dissemination.** Confidential Information shall be used only for the purpose of this litigation. Confidential information may not be given, shown, made available, or communicated to anyone except the following:

a. the Court and its staff;

b. the parties in this case, including a party's officers, directors, partners, managers, members, employees, and independent contractors;

c. counsel of record for any party in this case, including other attorneys and support personnel in counsels' law firms and third parties engaged for litigation support;

d. experts and consultants—including their employees, associates, and support staff—retained by a party for the preparation or trial of this case;

e. witnesses who may give deposition or trial testimony in this case and to whom disclosure is reasonably necessary;

f. court reporters, videographers, and other support staff engaged for depositions;

g. the original author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. any other person for whom the designating party provides prior, written consent; and

i. any other person as this Court may order.

When giving confidential information to anyone, other than the Court or its staff, the disclosing party must provide the recipient with a copy of this Order and obtain a signed copy of the attached Acknowledgment form from the recipient.

5. **Non-Disclosure.** All parties and persons to whom confidential information or documents are disclosed are authorized only to use this information and

documents in connection with this action and are precluded from disclosing the information or documents to any other person except as specifically provided in this Order. No person receiving or reviewing confidential information shall disclose it or its contents to any person other than those authorized by this Order and for the purposes specified in this Order.

6. **Filing.** Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version filed in CM/ECF using the Civil or Criminal RESTRICTED event → Sealed Document. The redacted version of a confidential filing may include, when necessary, slip pages appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. The parties are permitted to file confidential information without further leave of Court. However, in no event shall an entire motion or brief be filed under seal without a corresponding redacted version of the motion or brief also filed on the public docket unless prior leave of Court is sought and granted.

7. **Duration.** After the final resolution of this case—including any appeals—the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

8. **Return or Destruction of Information.** Within 60 days of the final resolution of this case—including any appeals—the receiving party must return or destroy and, if applicable, permanently delete from all databases all information designated as confidential. However, counsel of record may retain a copy of any confidential information that has been filed with the Court.

9. **Large Language Models / Generative AI Tools.** All parties shall take commercially reasonable steps to prevent unauthorized access to Protected Material, including when using generative AI tools or large language models. Individuals or entities with access to Protected Material under this Order must not use Protected Material in AI tools or similar applications (e.g., ChatGPT, Google Gemini, Claude, Meta LLAMA) unless such tools (a) do not incorporate inputs into model weights or otherwise produce outputs containing identifiable parts of the Protected Material, and (b) adhere to cybersecurity best practices and provide sufficient administrative controls to prevent unauthorized access.

**IT IS SO ORDERED** on this 19th day of October 2026.

/s/ David Clay Fowlkes

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**WESTROCK CP, LLC; and** **PLAINTIFFS**
**WESTROCK FULFILLMENT COMPANY**

**v.** **CASE NO. 3:25-CV-03066-DCF**

**BUTCH MAY CONTRACTING, INC.;**
**M2 ROOFING, LLC; SCHMALZ**
**ENGINERING, INC.; and JOHN**
**DOE 1, 2, 3, etc.** **DEFENDANTS**

**PROTECTIVE ORDER ACKNOWLEDGEMENT**

I have received information designated as confidential and understand disclosure of this information is governed by the Protective Order entered in this case. I have read the Protective Order, understand it, and agree to be bound by its terms.

I agree not to disclose any information designated as confidential to anyone other than those people to whom disclosure is allowed by the Protective Order. I agree to return or destroy and, if applicable, permanently delete from all databases all information designated as confidential upon the conclusion of my role in this case or 60 days after the final resolution of the case, whichever comes first.

I submit to the jurisdiction of the United States District Court for the Western District of Arkansas in matters relating to the Protective Order. I understand that violating the terms of the Protective Order could expose me to penalties and other punishment for contempt of court.

| | | |
|---|---|---|
| ______________________ | ______________________ | __________ |
| Printed Name | Signature | Date |